IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MICHAEL BRASWELL, JR., ) <br> Plaintiff ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> TROOPER CHRISTOPHER C. KEPPEL, et al.,) <br> Defendants. ) | C.A. No. 07-277 Erie <br><br> District Judge McLaughlin <br> Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendant Nixon [document # 12] be granted; the motion to dismiss filed by Defendants Doucette and Reilly [document # 17] be granted and the motion to transfer by Defendants Doucette and Reilly be denied; and the motion to dismiss filed by Defendant Keppel [document # 24] be granted and the motion to transfer by Defendant Keppel be denied.

**II.    REPORT**

    **A.    Procedural History**

On October 15, 2007, Plaintiff, a state inmate incarcerated within the Pennsylvania Department of Corrections, filed the instant action. Named as Defendants are: Trooper Christopher C. Keppel; District Attorney Thomas Reilly; Assistant District Attorney Katherine Doucette; and "District Justice Barbara Nixon." Plaintiff is currently incarcerated at SCI-Forest in Marienville, Pennsylvania.

1

In his complaint, Plaintiff alleges that his due process rights have been violated under the Fourth and Fourteenth Amendments. Plaintiff alleges that these unconstitutional acts occurred in York, Pennsylvania.[1] In its entirety, Plaintiff's complaint reads:

> TPR Christopher Keppel - this officers [sic] request for a search warrent [sic] was outside the range of professional competence expected of a police officer - search was also illegal - search warrent [sic] that was executed on Plaintiff's resident's [sic] never [identified] Plaintiff. 2) District Justice Barbara Nixon - affidavit of probable cause failed to establish probable cause against the Plaintiff, and District Justice never added an affidavit of probable cause making a judicial determination showing that probable cause existed to search Plaintiff's residences. 3) District Attorney Thomas J. Reilly and Assistant District Attorney Katherine L. Doucette, for illegally prosecuting the Plaintiff and violating his right to due process under the United States Constitution as required for an American citizen.

Document # 5. As relief, Plaintiff seeks monetary compensation, as well as the "reversal" of his criminal conviction.[2]

Defendant Magisterial District Judge Barbara Nixon has filed a motion to dismiss [document # 12]; Defendants Katherine L. Doucette and Thomas J. Reilly have filed a motion to dismiss or alternatively a motion to transfer venue [document # 17]; and Defendant Keppel has filed a motion to dismiss or alternatively a motion to transfer venue [document # 24]. Despite being given the opportunity to do so, Plaintiff has not filed an opposition brief to any of the pending dispositive motions. These issues are fully briefed and are ripe for disposition by this Court.

---

[1] York, Pennsylvania lies within the United States District Court for the Middle District of Pennsylvania, wherein venue in this action would have been more appropriate. See 28 U.S.C. § 1391. All Defendants named in this action are located within the Middle District and all acts which form the basis of the suit took place within the Middle District. In the interests of judicial economy and expediency, this Court elects to recommend the dismissal of this case rather than its transfer.

[2] To the extent that Plaintiff seeks the reversal of his criminal conviction, such a remedy is not available to him by way of a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

2

**B.     Standards of Review**

    **1.     *Pro Se* Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

    **2.     Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, ___ U.S. ___, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v.

Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469 (February 22, 2008) quoting Phillips v. County of Allegheny, ___ F.3d ___, 2008 WL 305025, at *5 (3d Cir. Feb. 5, 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 2008 WL 305025, at *6 quoting Twombly, ___ U.S. at ___, 127 S.Ct. at 1965 n.3.

**C.     The favorable termination requirement of Heck v. Humphrey**

Defendants jointly argue that this action should be dismissed pursuant to the favorable termination requirement of Heck v. Humphrey [512 U.S. 447 (1994)] and its progeny. In Heck, the Supreme Court held that a state prisoner could not maintain a § 1983 action

4

for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487.[3] The Court summarized this so-called "favorable termination requirement" by explaining that a "state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). See also Hill v. McDonough, 574 U.S. 73 (2006); Muhammad v. Close, 540 U.S. 749 (2004).

Here, Plaintiff's conviction has not been reversed or set aside and a finding by this Court that Defendants violated Plaintiff's constitutional rights during the investigation, arrest and subsequent trial would "necessarily imply the invalidity" of the conviction. Accordingly, Plaintiff's action is precluded by Heck and the motions to dismiss should be granted.

## III. CONCLUSION

It is respectfully recommended that the motion to dismiss filed by Defendant Nixon [document # 12] be granted; the motion to dismiss filed by Defendants Doucette and Reilly [document # 17] be granted and the motion to transfer by Defendants Doucette and Reilly be denied; and the motion to dismiss filed by Defendant Keppel [document # 24] be granted and the motion to transfer by Defendant Keppel be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

---

[3] In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended Heck further by holding that a state prisoner's § 1983 action challenging a prison disciplinary sanction and seeking "money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless the disciplinary sanction has been overturned or invalidated. 520 U.S. 641, 648.

5

objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                  S/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  Chief United States Magistrate Judge

Dated: July 16, 2008